Nancee S. Schwartz
Attorney at Law
California State Bar No. 107567
105 West F Street, Ste. 208
San Diego, CA 92101
Office: (619)232-5044
Naneesschwartz@gmail.com

Mark Adams
Attorney at Law
California State Bar No. 97377
94 Fifth Ave., Ste. 214
San Diego, CA 92101
Office: (619)239-4344
markadamsesq@gmail.com

Attorney for Defendants
Byron Law, II
David Salazar-Quintero

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. MARILYN HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-2708-H |
| Plaintiff, | |
| v. | NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE AND TO FILE FURTHER MOTIONS |
| BYRON LAW, II DAVID SALAZAR-QUINERO, | |
| Defendants. | |

TO:   ROBERT S. BREWER, JR., UNITED STATES ATTORNEY AND TO MARIETTA GECKOS, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on 5 August 2019 at 9:00 a.m., or as soon thereafter as counsel may be heard, the defendants, Byron Law, II and David Salazar-Quintero, will present the below-listed motions in the above-entitled case.

I.
STATEMENT OF THE CASE

Defendants Byron Law, II and David Salazar-Quintero are charged by

Information with Transportation of Aliens for Financial Gain and Aiding and Abetting.

## II.
## SUMMARY OF FACTS

On or about 3 July 2019, Byron Law, II and David Salazar-Quintero were stopped on interstate 8, approximately 20 miles east of the Tecate Port of Entry. At the time of the stop, three back-seat passengers were determined to be citizens of Mexico, without legal right to be in the United States.

## III.
## MOTION TO COMPEL DISCOVERY

The government must disclose the information requested in this motion for discovery under the obligations of Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 , 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Moreover, a defendant's entitlement to due process of law, guaranteed by the Fifth Amendment to the United States Constitution, as well as their Sixth Amendment right to effective assistance counsel, impose additional requirements on the Court and prosecution to ensure the production of fair discovery.

All of the requests are for items within the possession, custody, or control of either state or the federal government. This, of course, includes attorneys for the government, agents of the Federal Bureau of Investigation, the U.S. Customs, the Immigration and Naturalization Service and in this case, other government agents, officials, employees, or informants participating in the investigation or prosecution of the matters involved in this case whether under state or federal authority.  It has been held repeatedly that the government's discovery obligations extend to materials in the possession, custody or control of all its agencies and agents. *See, e.g. United States v. Beasley*, 576 F.2d 625, 632 (5th Cir. 1978); *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971); *United States v. James*, 495 F.2d 434, 436 (5th Cir. 1974); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973). This request is not limited to those items that the prosecutor knows of, but rather

includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989):

This proposition was further reiterated in the United States Supreme Court case of *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L. Ed. 2d 490 (1995) in which the court stated:

> [T]he prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable probability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith, see *Brady*, 373 U.S. at 87), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable."

*Id.* 115 S.Ct. at 1567.

(1) The Defendants' Statements  Under Fed. R. Crim. P. 16 (a)(1)(A) the defendants are entitled to disclosure of all copies of any written or recorded statements made by the defendants; the substance of any statements made by the defendants which the government intends to offer in evidence at trial; any recorded testimony of the defendants before the grand jury; any response by the defendants to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendants' oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings which may have been given to the defendants (*see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendants that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendants' statements, whether oral or written regardless of whether the Government intends

to introduce those statements;

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>  The defendants also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding their arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendants or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  *See also United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975)*, cert. denied*, 424 U.S. 920 (1976); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967); *Loux v. United States*, 389 F.2d 911 (9th Cir.), *cert. denied*, 393 U.S. 867 (1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendants are available under Fed. R. Crim. P. 16(a)(1)(B) and ©, Fed. R. Crim. P. 26.2 and 12(I);

(3) <u>Reports of Scientific Tests or Examinations</u> Pursuant to Fed. R. Crim. P. 16(D), defendants request the reports of all tests and examinations conducted upon any evidence in this case; this request includes the raw image file from any seized phone (full forensic file with extraction and image file) and all cell phone records;

(4) <u>Brady Material</u> The defendants requests all documents, statements, agents' reports, and tangible evidence favorable to the defendants on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976);

(5) <u>Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.)</u> As discussed above, this information is

discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendants, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendants' criminal history, or any other application of the U.S.S.G.;

(6) The Defendants' Prior Record Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);  This information is specifically requested, as is a complete "rap sheet" or criminal history summary.

(7) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)© and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendants request that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) Evidence Seized Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)©;

(9) Request for Preservation of Evidence  The defendants specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved;

(10) Tangible Objects The defendants request, under Fed. R. Crim. P. 16(a)(2)©, the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of building or places, or copies of portions thereof which

are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendants.

(11) <u>Evidence of Bias or Motive to Lie</u> The defendants request any evidence that any prospective government witness, including Confidential Informants, is biased or prejudiced against the defendants, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989);

(12) <u>Impeachment Evidence</u> The defendants requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the. *See* Fed. *Brady v. Maryland* R. Evid. 608, 609 and 613. Such evidence is discoverable under, 373 U.S. 83 (1963). *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u> The defendants requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985);

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

(15) <u>Witness Addresses</u>  The defendants request the name and last known address of each prospective government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983)

(failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), *cert. denied*, 444 U.S. 1034 (1980). The defendants also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984);

(16) <u>Name of Witnesses Favorable to the Defendants</u>  The defendants request the name of any witness who made an arguably favorable statement concerning the defendantss or who could not identify them or who was unsure of their identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980);

(17) <u>Statements Relevant to the Defense</u>  The defendants request disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982);

(18) <u>Jencks Act Material</u>  The defense requests all material to which defendants are entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) <u>Giglio Information</u> Pursuant to *Giglio v. United States*, 405 U.S. 150

(1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) <u>Personnel Records of Government Officers Involved in the Arrest</u> The defendants request all citizen complaints and other related internal affairs documents involving any of the Federal Bureau of Investigation officers, or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) <u>Government Examination of Law Enforcement Personnel Files</u> Defendants request that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Defendants request that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in *Henthorn* remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory prior to trial. Defendants specifically request that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under *Henthorn*, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this

8

request.

(22) <u>Any and All Photographs Shown to Any Witness</u>

(23) <u>Residual Request</u>.  Defendants intend by this discovery motion to invoke their right to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. He requests that the government provide their attorneys with the above material sufficiently in advance of trial.

### IV.
### <u>PRESERVE EVIDENCE</u>

Consistent with Federal Rule of Criminal Procedure 16, and the case law cited above in support of defendants' motion for discovery, Byron Law, II and David Salazar-Quintero request that the Court issue an order preserving the evidence in this case..

### V.
### <u>THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS.</u>

Byron Law, II and David Salazar-Quintero ask leave to file further motions in the event further discovery received or reviewed gives rise to the need for further motions and proceedings.

### VI.
### <u>CONCLUSION</u>

For the foregoing reasons, defendants request that this motion for discovery, preservation of evidence and  motion for leave for further filings be granted.

DATED: 1 August 2019           <i>/s/Nancee S. Schwartz</i>
                               Attorney for Byron Law, II
                               Nanceesschwartz@gmail.com

                               <i>/s/Mark Adams</i>
                               Attorney for David Salazar-Quintano
                               Markadamseaq@gmail.com